IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GRETYSTAR MANAGEMENT, :
*doing business as Sorelle Apts.* :
    Plaintiff, : CIVIL ACTION NO.
     : 1:12-CV-3166-TWT-WEJ
v. :
     :
MIRANDA ISON, :
    Defendant pro se. :

## ORDER AND
## FINAL REPORT AND RECOMMENDATION

Defendant pro se, Miranda Ison, is facing dispossessory proceedings pending in the Magistrate Court of Fulton County, Georgia. (See Pet. for Removal [1-1].) She seeks to remove that case to this Court and has submitted an Application to Proceed in forma pauperis [1] showing that she is unable to pay the removal fee. Accordingly, the Court **GRANTS** defendant's request to proceed in forma pauperis. However, the Court is compelled to remand any action which has been improperly removed; therefore, the undersigned examines this case to determine if removal is proper. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003) (explaining that federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking).

Defendant has attached to the Notice of Removal a "Proceeding Against Tenant Holding Over" issued by the Fulton County Magistrate Court. (See Pet. for Removal 5-7.) In the Petition for Removal, defendant indicates that she is a resident of Atlanta, Georgia, and alleges that plaintiff has violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., and the due process clause by instituting dispossessory proceedings. (Id. at 1-2, ¶¶ 1-3.)

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Moreover, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party has the burden of demonstrating the propriety of removal, Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking, Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

Original jurisdiction arises if there is diversity of parties or a federal question. 28 U.S.C. § 1441(a)-(b). However, § 1441(b)(2) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought." Id. § 1441(b). Likewise, unless a "substantial" federal question is presented on the face of

AO 72A
(Rev.8/82)

the state court complaint, the case does not arise under federal law. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997). Neither a defendant's answer nor her notice of removal may be used to establish federal question jurisdiction. Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

As residents of Fulton County, it appears that defendant is a Georgia citizen; thus, the Court does not have diversity jurisdiction over this Fulton County dispossessory action. Likewise, the "Proceeding Against Tenant Holding Over" indicates no federal question. Plaintiff, Gretystar Management, cannot be subjected to federal jurisdiction after having filed for dispossession solely on state law grounds in state court. Accordingly, because defendant has failed to demonstrate any lawful basis for removal of the action, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Fulton County pursuant to 28 U.S.C. § 1446(c)(4).

AO 72A
(Rev.8/82)

**SO ORDERED AND RECOMMENDED**, this 12th day of September, 2012.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE